**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **STACY CAMPBELL**, *Individually, and on behalf of other similarly situated current*, | |
| Plaintiff, | NO. _____ |
| v. | **FLSA Opt-In Collective Action** |
| **RIPLEY OPERATOR, LLC** *d/b/a* **RIPLEY HEALTHCARE AND REHABILITATION CENTER** *a Delaware Limited Liability Company*, | **JURY DEMANDED** |
| Defendant. | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.   NATURE OF SUIT

1.   The FLSA was enacted in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.   Defendant violated the FLSA by failing to compensate Plaintiff and other similarly situated Certified Nursing Assistants ("CNAs") at a rate of time and one-half their regular rate of pay for all the hours worked over 40 hours in one workweek. Plaintiff brings this

1

action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3. Plaintiff Stacy Campbell ("Plaintiff") is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Collective Action Complaint. Plaintiff was an hourly-paid CNA employee. She hereby consents to be a party-plaintiff and the named representative plaintiff in this action and her consent form is attached as *Exhibit A*.

4. Plaintiff and "Class Members" are Defendant's current and former hourly-paid CNAs who were not paid overtime pay for overtime work as required by the FLSA.

5. Defendant Ripley Operator, LLC d/b/a Ripley Healthcare and Rehabilitation Center ("Defendant") is a Delaware Limited Liability Company authorized to do business, and does business, in the State of Tennessee. It can be served through its registered agent, Corporation Service Company at 2908 Poston Ave., Nashville, Tennessee 37203.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant resides in this district and because the events that form the basis of this suit occurred in this District.

## IV.   CLASS DESCRIPTION

9. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly paid employees employed by Defendant for a least 1 full week at any time during the applicable limitation's period covered by this

Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  (Collectively, "the class").

## V.   COVERAGE

11. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

12. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## VI.   FACTUAL ALLEGATIONS

16. According to its website, Defendant is a "leading provider of long-term skilled nursing care and short-term disability rehabilitation solutions." Defendant operates a facility located at 18 Halliburton Street, Ripley, Tennessee 38063.

17. Defendant does more than $500,000.00 per year in business.

18. Plaintiff was employed as a CNA at Defendant's Ripley, Tennessee facility. Her hourly-rate of pay was $15.00 per hour.

19. During her employment, Plaintiff regularly worked over 40 hours in a workweek for Defendant.

20. However, Plaintiff and other CNAs were not paid at rate of time and one-half their regular rate of pay for all hours worked in excess of 40 per week. They were, rather, paid "straight time."

21. Defendant accomplished this by only paying its CNAs overtime based on hours worked on a two-week basis. In order words, Defendant calculates overtime bi-weekly rather than weekly as required by the FLSA.

22. By way of example, during a two-week period if Plaintiff worked a total of 75 hours broken down as 45 hours the first week and 30 hours the second week. Plaintiff would only be compensated straight time for 75 hours rather than receive overtime pay for the 5 overtime hours worked during the first week.

23. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

### VII.   COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff re-alleges and incorporates paragraphs 1–23 as if fully set forth herein.

25. Plaintiff and Class Members were subjected to the same pay practices and violations in that they were employed as hourly-paid workers not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

26. Defendant's failure to compensate employees at the appropriate rate for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying only regular time or straight time for overtime hours. This policy or practice was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiff applied to all Class Members.

27. Defendant was aware, or should have been aware, of its obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

### VIII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. Plaintiff re-alleges and incorporates paragraphs 1–27 as if fully set forth herein.

29. During the relevant period, Defendant violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

### IX.   RELIEF SOUGHT

30. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages and an equal amount of liquidated damages due to Plaintiff and Class Members;

b. For an Order awarding Plaintiff and Class Members the costs of this action;

c. For an Order awarding Plaintiff Class Members their attorneys' fees;

d. For and Order awarding Plaintiff Class Members pre-judgment (to the extent liquidated damages are not awarded) and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/ Robert E. Turner, IV*
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiff and similarly situated current and former employees*